IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON DOOLEY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.    2:07-cv-698-SLB-TMP |
| ) | |
| WARDEN; ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in the above-styled cause on January 9, 2009, recommending that the petition for writ of *habeas corpus* be dismissed as time barred under 28 U.S.C. § 2244(d). The petitioner filed his objections (Doc. 14) to the report and recommendation on January 21, 2009, arguing that he is entitled to equitable tolling of the § 2244(d) time limit because his post-conviction Rule 32 attorney failed to advise him that his appeal had been denied. He argues that this constitutes the type of "egregious attorney misconduct" the Eleventh Circuit has recognized as potential cause for equitable tolling.[1] The court disagrees.

The facts presented by the petitioner show that the appeal from the denial of his Rule 32 petition ended on September 15, 2006, after the Alabama Court of Criminal Appeals affirmed the denial of the petition, and after the Alabama Supreme Court denied *certiorari*. Although petitioner might have sought *certiorari* in the United States Supreme Court, there were no other state appeals

---

[1] The court of appeals has held that, "Equitable tolling may be warranted 'where the attorney has made misrepresentations to the client, disregarded the client's instructions, refused to return documents, or abandoned the client's case.'" Downs v. McNeil, 520 F.3d 1311, 1321 (11th Cir. 2008).

available to him. Assuming it to be true that his Rule 32 attorney failed to advise him that the out-of-time Rule 32 appeal had been concluded, petitioner wrote a letter to his attorney dated October 8, 2006, in which he stated that he knew the appeal had been denied. (See Petitioner's Exhibit Z-4). Thus, as early as that date, petitioner knew that he had to proceed with some other remedy. Although he stated in the October 8 letter that he assumed counsel was diligently pursuing other remedies, there is no evidence of any misrepresentation or lie by counsel about the status of the case. Petitioner's assumption does not equate to some misrepresentation by counsel that caused petitioner to believe that his rights were being pursued. Counsel's subsequent failure either to seek *certiorari* in the United States Supreme Court or to file a *habeas* petition was not an abandonment of the case, and he returned the petitioner's papers and files as directed by petitioner. In short, there simply is no factual basis for concluding that there was "egregious attorney misconduct" that caused plaintiff to allow the remaining time under § 2244(d) to expire before filing the instant *habeas* petition. Because mere attorney error or neglect — something short of egregious misconduct — is not enough to create equitable tolling, petitioner is unable to show that the time limitation should be tolled here.

By separate order the court will overrule the objections, adopt the report and recommendation, and dismiss this action as time barred.

**DONE**, this the 23rd day of March, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE